1

2                     IN THE UNITED STATES DISTRICT COURT

3                  FOR THE EASTERN DISTRICT OF CALIFORNIA

4

5

6

7   SONNY RAY HARDAWAY,

8              Plaintiff,              CV F 06 1460  LJO WMW   P

9        vs.                          ORDER RE FINDING AND
                                      RECOMMENDATION (DOC 21)
10

11

12   SUPERIOR COURT, et al.,

13              Defendants.

14

15        Plaintiff is a state prisoner proceeding pro se in a civil rights action challenging the

conditions of his confinement.

16        On June 4, 2007, an order was entered, directing Plaintiff to show cause, within thirty

17   days, why his application to proceed in forma pauperis should not be denied pursuant to 28

18   U.S.C. § 1915(g).  On July 27, 2007, Plaintiff filed a response to the court's order.

19        The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a

20   civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated

21   or detained in a facility, brought an action or appeal in a court of the United States that was

22   dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief

23   may be granted, unless the prisoner is under imminent danger of serious injury."  28 U.S.C. §

24   1915(g).

25        This plaintiff has, on 3 prior occasions, brought civil actions challenging the

26

1

1  conditions of his confinement.  All three action were dismissed as frivolous, or for failure to state

2  a claim upon which relief can be granted.  Hardaway v. Money, CV S 01 0458 FCD DAD P;

3  Hardaway v. Wright, CV S 01 0958 GEB DAD P; Hardaway v. State of California, CV S 06

4  0695 MCE PAN P.   Plaintiff is therefore not entitled to proceed in forma pauperis unless he

5  alleges facts indicating that he is in imminent danger of serious physical injury.   There are no

6  such facts alleged in this case.   Plaintiff claims that Defendants interfered with a telephone call

7  that Plaintiff was involved with.  Plaintiff claims that since the telephone call was a court ordered

8  call, Defendants interfered with his access to the courts.  Plaintiff has not specifically charged

9  any individual defendant with facts that meet the standard set forth in section 1915(g).

10         Accordingly, on August 6, 2007, findings and recommendations were entered,

11  recommending that:

12         1.  Plaintiff's  application to proceed in forma pauperis be denied pursuant to 28 U.S.C. §

13  1915(g).

14         2.  Plaintiff be directed to submit, within thirty days of the date of service of this order,

15  the $350 filing fee in full.  Plaintiff's failure to do so will result in dismissal of this action

16  pursuant to Local Rule 11-110 for failure to obey a court order.

17         On September 4, 2007, Plaintiff filed objections to the findings and recommendations.

18  Plaintiff's objections, though lengthy, fail to address the specific finding that he is ineligible to

19  proceed in forma pauperis.  Plaintiff does not indicate how he has alleged any facts that satisfy

20  the standard set forth in section 1915(g).  Plaintiff's argument consists of complaints regarding a

21  criminal investigation that he was the subject of, along with his argument that black prisoners are

22  subjected  to slavery.

23         In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 73-305,

24  this court has conducted a de novo review of this case.  Having carefully reviewed the entire file,

25  the court finds the findings and recommendations to be supported by the record and proper

26

analysis.

Accordingly, THE COURT HEREBY ORDERS that:

1.  The Findings and Recommendations issued by the Magistrate Judge on August 6, 2006, are adopted in full; and

2.  Plaintiff's application to proceed in forma pauperis is denied pursuant to 28 U.S.C. § 1915(g).

3.  Plaintiff is directed to submit, within thirty days of the date of service of this order, the $350 filing fee for this action in full.  Plaintiff's failure to do so will result in dismissal of this action pursuant to Local Rule 11-110 for failure to obey a court order.

IT IS SO ORDERED.

**Dated:    September 24, 2007**                        **/s/ Lawrence J. O'Neill**
                                                                    UNITED STATES DISTRICT JUDGE

3